No. 48,150

STATE OF KANSAS, *Appellee*, v. RONALD MACKLEY, *Appellant*.

(552 P. 2d 628)

Opinion filed July 23, 1976.

*Jack W. Shultz*, of Shultz & Shultz, Chartered, of Dodge City, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, and *Terry J. Malone*, county attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal by Ronald Mackley (defendant-appellant) from a Ford County District Court order which did not reflect a credit or allowance on the statutory sentence for the time he spent at Osawatomie and Topeka State Hospital while undergoing pretrial mental examinations.

The question presented on appeal is whether K. S. A. 21-4614 which provides that the sentence in a criminal action shall reflect a credit or "allowance for the time which the defendant has spent in jail pending the disposition of the defendant's case" should reflect a credit or allowance for time spent in mental hospitals while undergoing pretrial mental examinations.

In this case the appellant was charged with writing and delivering a worthless check. He was initially confined in the Ford County jail. Later, while a prisoner, the appellant was transferred and committed to the Osawatomie State Hospital for 45 days for examination to determine his competency to stand trial. Still later, the appellant changed his plea from not guilty to not guilty by reason of insanity. The appellant was then held in custody at the Topeka State Hospital for 64 days for mental evaluations in connection with his defense. Still later, the appellant pled guilty to the charge.

The trial court gave credit for the days actually spent in the Ford

County jail, but denied the appellant's motion to allow him credit for the 109 days of hospital confinement. Appeal has been duly perfected.

Under the circumstances of this case, the confinement at the state mental hospitals was tantamount to being in jail. The physical place of confinement is not important as the appellant technically continued to be in jail while held in custody at the hospitals. He was not free on bail, had no control over his place of custody and was never free to leave the hospitals. For all practical intents and purposes, he was still in jail. The court takes judicial notice that the state mental hospitals have the facilities to enforce confinement of their patients, which brings them within the dictionary definition of a "jail."

The question presented is one of first impression in Kansas. However, two cases from other jurisdictions are in point. In *People v. Gravlin*, 52 Mich. App. 467, 217 N. W. 2d 404 (1974), the court was confronted with a similar statute and held that the word "jail" within the meaning of the statute providing that one who has served any time in jail prior to sentencing is entitled to credit for jail time, means "a place of confinement," and that a mental hospital is such a place.

A similar decision was reached in *People ex rel. Broderick v. Noble*, 26 Misc. 2d 903, 207 N. Y. S. 2d 467 (Sup. Ct. 1960), where it was held that a hospital where a prisoner was involuntarily held was a prison or jail within the meaning of the statute, even though there was no prison ward in the hospital. Credit for the days in the hospital was allowed on the sentence.

The logic of the two decisions above cited is impressive. We think it is obvious the legislature intended the word "jail" in K. S. A. 21-4614 be given its commonly understood meaning as any place of confinement and not just a local bastile.

The decision of the lower court is reversed and the case remanded with directions to modify the sentence by allowing additional credit for the 109 days spent in the state hospital at Osawatomie and Topeka.