No. 91,965

STATE OF KANSAS, *Appellee*, v. JAIME GUZMAN, *Appellant*.

112 P.3d 120

 Opinion

filed June 3, 2005.

*Sarah Ellen Johnson*, assistant appellate defender, argued the cause and was on the brief for appellant.

*Debra S. Byrd Peterson*, deputy district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Jaime Guzman appeals the district court's denial of his motion for jail time credit for the 228 days that he spent under 24-hour-a-day house arrest while released on bond until sentencing. We transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

The sole issue on appeal is whether the district court erred in denying Guzman's motion. We hold the court did not err and affirm.

## FACTS

Jaime Guzman was charged with aggravated robbery, two counts of aggravated assault on a law enforcement officer, and criminal possession of a firearm by a juvenile. At the preliminary hearing on May 24, 2000, the district court noted on the docket sheet: "Bond set at $150,000.00 EMD & 24 hour lock down."

Approximately 1 week later, on June 2, the district court noted on the docket sheet, "[Defendant's] bond modified to the following extent: $75,000.00 professional surety, EMD supervised by John Wells, house arrest 24 hr. a day lock down." According to counsel at oral arguments, EMD stands for "electronic monitoring device." See K.S.A. 21-4603b(b) (house arrest may include electronic mon-

itoring which requires a transmitter to be strapped to the defendant or inmate). Guzman entered into house arrest the next day.

On December 13, Guzman pled guilty to aggravated robbery and two counts of aggravated assault on a law enforcement officer.

On January 16, 2001, Guzman was sentenced to a total of 72 months' confinement and was given jail credit for 37 days — 26 days in the Sedgwick County Juvenile Detention Facility from April 27 to May 24, 2000, and 11 days in the Sedgwick County jail from May 24 to June 3, 2000. After sentencing, he was removed from house arrest and placed with the Department of Corrections.

On April 21, 2003, Guzman filed a nunc pro tunc motion to award jail time credit for the time spent in house arrest after his stints in the county jail and the juvenile detention facility: 228 days — from June 3, 2000, through January 16, 2001.

After the State's response, the district court overruled Guzman's motion on May 16, 2003, writing, "Per *State v. Parks*, 27 Kan. App. 2d 544, [6 P.3d 444 (2000)] this is not 'jail time.' " Guzman appeals that decision.

## ANALYSIS

Issue: *Did the district court err in denying Guzman's motion for jail time credit for time spent under 24-hour-a-day house arrest with electronic monitoring?*

This appeal requires us to interpret K.S.A. 21-4614, a statute dealing with jail time credit. Interpretation of a statute is a question of law over which this court has unlimited review. *State v. Denney*, 278 Kan. 643, 649, 101 P.3d 1257 (2004).

K.S.A. 21-4614 was the version of the statute in effect during the period of Guzman's house arrest. It stated:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, if he or she sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, *such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated*

*pending the disposition of the defendant's case.* In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the Kansas adult authority are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system. Such jail time credit is not to be considered to reduce the minimum or maximum terms of confinement as are authorized by law for the offense of which the defendant has been convicted." (Emphasis added.)

Guzman argues that his house arrest, where he was electronically monitored and ordered to be "locked down" 24 hours a day, qualifies as incarceration under the statute. He argues that he was not free to come and go as he wished and that this degree of restriction on his freedom was virtually the same as confinement in a jail.

The State responds that Guzman's house arrest falls far short of the incarceration contemplated by the statute. It argues that if the two were the same, then posting a bond to obtain release from jail for the purpose of entering house arrest is meaningless, *i.e.*, no advantage has been gained by Guzman.

The limited case law supports the State's position. In this court's most recent treatment of the subject, *State v. Palmer*, 262 Kan. 745, 942 P.2d 19 (1997), we denied jail time credit for defendant Palmer's sojourn in a community residential facility which was a condition of his appearance bond. We specifically stated: "K.S.A. 21-4614 does not authorize or require that time an individual resides in a private residential facility as a condition of preconviction appearance bond be credited as time spent 'incarcerated' pending disposition of a case." 262 Kan. at 754. Three years later, in the case cited by the district court to deny Guzman's motion, the Court of Appeals in *State v. Parks*, 27 Kan. App. 2d 544, 6 P.3d 444 (2000), denied jail time credit for Parks' time spent under house arrest — with electronic monitoring — which was a condition of his appeal bond.

In both *Palmer* and *Parks*, jail time credit was denied when defendants' entry into a facility after release from an actual jail was a condition of the bond which they posted. Guzman's situation, entry into house arrest after release from jail, clearly falls within this category.

We acknowledge this court's decision almost 30 years ago in *State v. Mackley*, 220 Kan. 518, 552 P.2d 628 (1976), where the court granted defendant Mackley 109 days of jail time credit for time spent not in a jail, but in a state hospital. Mackley, who was placed in the Ford County jail for allegedly writing and delivering a worthless check, was sent to the Osawatomie State Hospital for 45 days for examination to determine his competency to stand trial. After changing his plea to not guilty by reason of insanity, he was then "held in custody at the Topeka State Hospital for 64 days for mental evaluations in connection with his defense." 220 Kan. at 518.

The decision is easily distinguishable, however, as demonstrated by the following language:

"Under the circumstances of this case, the confinement at the state mental hospitals was tantamount to being in jail. The physical place of confinement is not important as the appellant technically continued to be in jail *while held in custody at the hospitals. He was not free on bail, had no control over his place of custody* and was never free to leave the hospitals. For all practical intents and purposes, he was still in jail." (Emphasis added.) *State v. Mackley*, 220 Kan. At 519.

Unlike Mackley, Guzman was free on bail, *i.e.*, he had control over his place of custody inasmuch as he had a choice between (1) being released on bond to be in his own home under house arrest and (2) remaining in jail. As his counsel pointed out during oral arguments, the court was required to offer him bail. See Kan. Const. Bill of Rights, § 9. The district court simply imposed "conditions of release," *i.e.*, 24-hour-a-day house arrest with electronic monitoring, to reasonably assure Guzman's appearance, as permitted by K.S.A. 22-2802.

In short, Guzman, choosing to be released on bail bond and accepting house arrest with 24-hour-a-day electronic monitoring as additional conditions of release, is not entitled to jail time credit for that period. More specifically, under K.S.A. 21-4614, time Guz-

man spent in house arrest is not time that he spent incarcerated pending the disposition of his case.

Affirmed.

LOCKETT, J., Retired, assigned.