NOT DESIGNATED FOR PUBLICATION

No. 115,699

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES DANIEL FLOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osborne District Court; PRESTON PRATT, judge. Opinion filed December 9, 2016. Vacated and remanded for further proceedings.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

*Per Curiam*: James Daniel Floyd appeals the district court's summary dismissal of his postsentencing motion to correct an illegal sentence. Specifically, the district court found that it did not have jurisdiction to consider the merits of the motion. On appeal, we granted Floyd's motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). We note that this is not a classic "jail-time credit" case. Rather, because the sentence in this case was to run concurrent with an unrelated federal sentence, the issue presented is whether the district court should count the time Floyd was in federal custody towards his sentence in this case. We conclude that the district court does have jurisdiction over the motion to correct illegal sentence and would be in the best position to decide the issue presented. Thus, we vacate the order summarily dismissing Floyd's motion and remand this matter for further proceedings.

1

On October 17, 2012, a Kansas Highway Patrol trooper stopped Floyd's car for a window tint violation. As the trooper approached the car, Floyd sped off and led the trooper, joined by additional law enforcement officers, on a chase through multiple counties at speeds upwards of 125 miles per hour. Following the chase, officers searched Floyd's car and found several miscellaneous pills in an unmarked prescription bottle and approximately five ounces of marijuana. After officers arrested Floyd and informed him of his *Miranda* rights, he admitted to purchasing and intending to sell the marijuana.

Initially, the State charged Floyd with seven counts. However, on March 12, 2014, Floyd pled guilty—pursuant to a plea agreement—to one count of unlawful distribution of marijuana as well as to one count of fleeing and eluding. Two months later, the district court imposed a sentence of 22 months in prison—which it suspended to 18 months of probation—on the unlawful distribution charge. This sentence was to run concurrent with a sentence in an unrelated federal case. At the time of the sentencing, Floyd had already served 15 months in federal prison and was on parole. In addition, the district court imposed a 6-month sentence—which it suspended to 18 months of probation—on the fleeing and eluding charge, to run concurrent with the sentence on the unlawful distribution charge.

On July 14, 2015, Floyd was arrested in Mitchell County on various charges. He subsequently pleaded no contest to a charge of possession of drug paraphernalia. Based on the Mitchell County conviction, the State filed a motion to revoke Floyd's probation in this case.

On November 18, 2015, the district court held a hearing on the motion to revoke probation. After considering the testimony and arguments presented, the district court concluded that Floyd's new conviction violated the terms of his probation. Accordingly,

2

the district court revoked Floyd's probation and ordered him to serve the underlying 22-month prison sentence. It does not appear from the record that Floyd filed an appeal from the order revoking his probation and imposing the underlying sentence.

On December 1, 2015, Floyd filed a motion to correct illegal sentence pursuant to K.S.A. 22-3504. In his motion, Floyd alleged that the district court failed to give him credit for the time he was in custody in the unrelated federal case. In an order entered on December 7, 2015, the district court summarily denied Floyd's motion to correct illegal sentence. In doing so, the district court found that it did not have jurisdiction to consider the merits of the motion. In addition, the district court denied Floyd's request to reconsider the sanction imposed as a result of his violation of the terms of his probation.

ANALYSIS

On appeal, Floyd contends that the district court erred in summarily dismissing his motion to correct illegal sentence for lack of jurisdiction. Furthermore, he contends, "that because the district court ordered that this case run concurrently with his federal case, the time he spent incarcerated in federal custody should also count towards this case." The State did not file a response to Floyd's Motion for Summary Disposition of Illegal-Sentence Appeal nor otherwise brief this issue.

An illegal sentence can be corrected at any time. K.S.A. 22-3504(1). Furthermore, whether a sentence is illegal is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). As the district court correctly points out, the Kansas Supreme Court has held that an improper computation of the jail-time credit does not constitute an illegal sentence under K.S.A. 22-3504(1). *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 (2001). Under the unique circumstances presented in this case, however, this does not end our analysis.

3

First, we note that in at least two subsequent opinions—*State v. Guzman*, 279 Kan. 812, 813-17, 112 P.3d 120 (2005), and *State v. Harper*, 275 Kan. 888, 69 P.3d 1105 (2003)—our Supreme Court has considered a jail-time credit issue raised in a motion filed after the time for a direct appeal had expired. See *State v. Storer*, 53 Kan. App. 2d. ___, 382 P.3d 467 (2016); *State v. Mitchell*, 2015 WL 5927041 (Kan. App. 2015) (unpublished opinion). Second, even in *Lofton*, our Supreme Court went ahead and addressed the jail-time credit issue, finding that the defendant was not entitled to additional time. 272 Kan. at 217-18.

We are persuaded by the reasoning in *Storer*. The statute that governs correction of a sentence—K.S.A. 22-3504—provides at subsection (2) that clerical corrections and mistakes can be corrected at any time. The journal entry of sentencing in this case clearly indicates that the district judge ordered Floyd's sentence concurrent with a federal case for which Floyd received a 15-month sentence. It is unclear from the record on appeal, however, whether Floyd had already served his incarceration time in the federal case at the time of his sentencing in this case. It is also unclear from the "sentence start date" whether any time spent on the federal case was included in the calculation of jail credit. As we stated in *Storer*, "mistakes happen in all human endeavors, including calculating jail credit." *Storer*, 382 P.3d at 471. If this is a similar mistake, "what possible public purpose could be served by keeping the defendant in prison—at public expense—for that additional time?" 382 P.3d at 471. Accordingly, pursuant to K.S.A. 22-3504(2) we find that the district court has jurisdiction to decide the issue presented in Floyd's motion on the merits.

As Floyd candidly recognizes, a defendant is generally only entitled to jail-time credit for the time he or she is held in custody solely as a direct result of the charge or charges for which his sentence is executed. See *State v. Calderon*, 233 Kan. 87, 98, 661 P.2d 781 (1983); see also *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004); *Hooks v. State*, 51 Kan. App. 2d 527, 531, 349 P.3d 476 (2015). In a typical jail-time

credit case, this may indeed resolve the issue where one has been held in custody on an unrelated case. However, the issue presented in this case is significantly different from the issue presented in a classic jail-time credit case.

In the classic jail-time credit case, a defendant is held in custody in the case-at-hand while awaiting trial and/or sentencing. Here, that does not appear to be the case. Instead, the issue presented in Floyd's motion involves the impact of the district court's decision to run the sentence in the present case concurrent with the sentence in the unrelated federal case. We find that the district court—which imposed the concurrent sentence—is in a much better position to determine this particular issue than we are on the sparse record currently before us on appeal.

We, therefore, vacate the district court's order summarily dismissing the motion to correct illegal sentence. Furthermore, because the district court ordered that the sentence in this case is to run concurrent with the sentence in Floyd's federal case, we remand this matter for further proceedings to make a determination on the merits regarding whether any or all of the time Floyd spent in federal custody should count towards his sentence in this case.

Vacated and remanded for further proceedings.