NOT DESIGNATED FOR PUBLICATION

No. 127,421

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW P. WIMBERLY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY GOERING, judge. Submitted without oral argument. Opinion filed May 23, 2025. Reversed and remanded with directions.

*Sam Schirer*, Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., ARNOLD-BURGER and GARDNER, JJ.


PER CURIAM: The district court sentenced Matthew P. Wimberly to 184 months in prison following his conviction for attempted first-degree murder. The district court awarded Wimberly 538 days of jail credit for each day that he was held in custody solely on this case. The district court refused to award Wimberly credit for 35 days that he was simultaneously held in jail on charges in a separate case, finding Wimberly was not entitled to a duplicative award. Several years after sentencing, Wimberly filed a pro se motion to modify his jail credit. Wimberly claimed that he was entitled to credit for every day that he spent in custody, impliedly challenging the exclusion of the 35-day period. He

1

also explained that he was hospitalized for a few days immediately following the commission of his murder offense, and because he had been held in police custody during that time, he argued he was entitled to credit for those days too. The district court summarily denied Wimberly's claims without appointing counsel or holding a hearing. Because the district court did not make the necessary findings to determine whether Wimberly was in custody when hospitalized or whether he was improperly granted credit for the 35-day period in his other case, we reverse the district court's ruling and remand for additional proceedings.

*Factual and Procedural Background*

The State charged Wimberly with attempted first-degree murder on September 27, 2013, for an offense committed five days earlier. According to testimony given at Wimberly's trial, Wimberly stabbed a man at his residence while under the influence of drugs. When police arrived at the crime scene, officers forced Wimberly off the victim and immediately transported both men to the hospital. Wimberly did not remember the incident and regained consciousness after being admitted to the hospital.

Officers remained stationed outside of Wimberly's room throughout his hospitalization. One of the officers testified that Wimberly was "in custody" as a suspect in the underlying criminal case during this time. The officer explained that Wimberly was not free to leave his room, and officers had been ordered to detain him if he tried. There is some discrepancy in the record for the time that Wimberly stayed in the hospital, but the record shows that Wimberly was transferred from the hospital to Sedgwick County jail on September 25, 2013. Wimberly agrees that for purposes of this appeal, he was in the hospital for three days.

The State tried Wimberly for attempted murder, and a jury convicted him of the offense in January 2015. The district court sentenced Wimberly to 184 months'

2

imprisonment and ordered him to serve this term consecutively to any sentences ordered in "any other cases." The district court awarded Wimberly credit for 538 days for the time he spent in jail on the murder charge, from October 30, 2013, to April 21, 2015. The district court did not award Wimberly credit for time that he spent in custody between September 25, 2013, to October 30, 2013, finding Wimberly was also held in custody in a separate case (12 DV 1585) during that time. The district court explained in its journal entry that "[f]or [the] dates . . . not awarded, defendant was being held [in this case] and . . . 12DV1585. As this case is consecutive to any other, defendant is not eligible for duplicate credit . . . ."

Nine years later, Wimberly moved for a nunc pro tun order, requesting modification of his jail credit award. Wimberly argued that he was entitled to credit for the 35 days that he spent in custody in this case and 12 DV 1585 and the 3 days that he spent in the hospital. He also requested an appointment of counsel and a hearing to decide the merits of his claims.

The State responded that Wimberly's motion should be summarily denied because the record showed that he was not entitled to any additional credit. The State conceded that Kansas caselaw shows that jail-time credit is not limited to time that a defendant spends in an actual jail and that our Supreme Court held in *State v. Mackley*, 220 Kan. 518, 552 P.2d 628 (1976), that a defendant is entitled to credit for days spent in a state mental hospital. But the State maintained that Wimberly was not entitled to such credit because he was hospitalized in a private, rather than in a government-operated, medical facility. The State also tacitly conceded that recent appellate court decisions, including *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), supported Wimberly's argument that he was statutorily entitled to day-to-day jail-time credit. But the State argued that *Hopkins* did not apply retroactively to Wimberly's case, and that Wimberly's jail credit award was consistent with pre-*Hopkins* decisions interpreting the applicable statute.

3

The district court found that oral arguments would not be helpful in deciding Wimberly's motion and thus denied his request for a hearing. The district court adopted the State's proposed findings of fact and conclusions of law and summarily denied the motion.

Wimberly requested appellate counsel, which the district court granted, and timely appeals.

*Did the District Court Err by Summarily Denying Wimberly's Motion?*

Wimberly appeals the district court's denial of his motion for additional jail credit. He asserts that the district court failed to make necessary findings as to whether he was held in custody during his hospitalization and thus erred in summarily denying this claim.

Wimberly also maintains that he is entitled to additional credit based on the 35 days he spent in custody in 12 DV 1585. But unlike similar claims that several appellants have recently raised in this court, Wimberly does not argue that he is entitled to duplicative jail-time credit. See, e.g., *State v. Kelly*, No. 127,096, 2025 WL 734751, at *1-3 (Kan. App. 2025) (unpublished opinion); *State v. Mills*, No. 127,057, 2024 WL 4799513, at *4 (Kan. App. 2024) (unpublished opinion), *rev. granted* ___ Kan. ___ (April 21, 2025). Rather, Wimberly claims that he should be awarded the challenged 35 days of credit in this case if he was improperly awarded credit for those days in 12 DV 1585.

Wimberly appended documents from 12 DV 1585 to his appellate brief, which suggest that he may have received credit for the 35 days in that case. Wimberly asserts that these documents do not clearly show that he received such an award. He also points out that the documents show he was granted probation in 12 DV 1585, so jail-time credit could not have been properly awarded in that case.

4

The State concedes that the issue related to Wimberly's hospitalization should be remanded for additional consideration but denies that Wimberly is entitled to relief based on his remaining claim for the additional 35 days.

*The Three-Day Hospital Stay*

Kansas criminal defendants are allowed credit toward their controlling prison sentences for time spent incarcerated pending the disposition of their cases. See K.S.A. 2013 Supp. 21-6615(a). Both parties correctly note that in *State v. Palmer*, 262 Kan. 745, 753, 942 P.2d 19 (1997), our Supreme Court explained that a defendant's jail credit for confinement is not limited to actual "jail" time. Rather, the focus of this analysis is the degree to which the defendant's freedom was restricted. The critical question in these scenarios is whether the defendant was in actual or constructive custody of jail or prison officials. In making this determination, trial courts must consider the specific "'circumstances of placement of the person in the facility' rather than 'the nature of the facility itself.'" 262 Kan. at 753 (quoting *State v. Babcock*, 226 Kan. 356, 360, 597 P.2d 1117 [1979]).

The district court did not make these necessary findings, so we must reverse the court's summary denial of this issue. The State's response to Wimberly's motion in the district court correctly implied that Kansas caselaw does not show that a defendant is *necessarily* entitled to jail-time credit for time spent in a private hospital. But contrary to the State's argument, Wimberly's claim is not foreclosed simply because our appellate courts have not conclusively held that jail-time credit may be awarded in situations involving private facilities. The district court needed to address the specific circumstances presented to decide this issue, as the determination of whether a defendant is entitled to jail-time credit does not rest solely on the private versus public nature of a facility. See *Babcock*, 226 Kan. at 359, 361-62 (considering whether defendant was under "constructive control" during time spent in halfway house—a privately operated facility,

5

not subject to control of courts, corrections officials, or law enforcement agencies—and concluding that defendant was not entitled to jail-time credit for this time); see also *Palmer*, 262 Kan. at 754 (finding defendant's placement in private, residential facility fell short of constructive control of courts, corrections officials, or law enforcement agencies addressed in *Babcock* because the only restriction to defendant's liberty was a requirement of nighttime attendance); *State v. Graves*, 47 Kan. App. 2d 808, 816, 278 P.3d 993 (2012) (rejecting jail credit claim where defendant resided at residential facility operated by Johnson County Department of Corrections as a condition of his bond because defendant had "control over his place of custody because he sought release on bond rather than remaining in jail" and "accepted the bond conditions mandated by the district court as preferable to jail").

We thus remand this issue to the district court to consider the circumstances of Wimberly's hospitalization in deciding whether he is entitled to additional jail-time credit on this basis.

*The Additional 35 Days Spent in Custody*

The State does not agree that Wimberly is entitled to the 35 days that he served in custody in this case while also being held on charges in 12 DV 1585. It asserts that Wimberly was awarded credit for the 35 days in 12 DV 1585, so he is not entitled to duplicative credit based on that time in this case. But the State does not cite the record to support this point, and the record does not conclusively show that Wimberly received credit in 12 DV 1585. Although Wimberly included attachments to his appellate brief that relate to this issue, we cannot consider them because they are not a part of the record on appeal. See *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 895, 166 P.3d 1047 (2007).

The district court should review this issue when considering the previous issue on remand, given the facts here. When sentencing Wimberly, the district court found that Wimberly was not entitled to credit for the 35 days that he was held in 12 DV 1585 because he was not allowed "duplicate credit." The district court found that credit could not be awarded in both cases. On appeal, Wimberly does not argue that he should receive duplicate credit but contends that the 35 days of jail credit may have been improperly applied to 12 DV 1585, requiring this court to remand for an evidentiary hearing. Wimberly's argument that he may have improperly received 35 days of jail credit for 12 DV 1585 rather than this case raises no *Hopkins* issues. We thus need not address the State's argument that *Hopkins* does not apply retroactively or address the recent Kansas Supreme Court case clarifying *Hopkins*—*State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025).

Wimberly is not, however, entitled to his requested relief in the district court of a nun pro tunc order. A nunc pro tunc order is not a proper procedural device for correcting the district court's journal entry here. See *State v. Turner*, 317 Kan. 111, 113, 525 P.3d 326 (2023) (nunc pro tunc order appropriate to correct "arithmetic or clerical errors arising from oversight or omission"). Instead, if the district court finds that Wimberly is entitled to additional credit based on either or both issues addressed above, the court should enter an amended journal entry of judgment to grant Wimberly a corrected amount of credit.

*Conclusion*

The district court did not consider the nature of the time that Wimberly spent in the hospital while under police surveillance immediately following his crime. The district court thus failed to make the necessary factual findings in determining whether Wimberly was entitled to credit for those days. Given this error, we reverse the district court's summary denial of Wimberly's motion and remand for additional proceedings. And

having determined that remand is necessary, we also direct the district court to consider Wimberly's remaining argument that he is entitled to credit for the 35 days he spent in custody in this case and 12 CV 1585. Finally, we direct the district court to enter an amended journal entry of judgment to correct any errors found in this regard.

Reversed and remanded with directions.