No. 128,181

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER LEE THOMPSON,
*Appellant*.

SYLLABUS BY THE COURT

A defendant is not incarcerated pending disposition of a case when he is free on bond in that case. Bond is not the equivalent of custody. Release on bail, which includes a money bond or other conditions of release, is release from jail.

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed October 3, 2025. Affirmed.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

ARNOLD-BURGER, J.: Christopher Lee Thompson pleaded no contest to several felonies in Leavenworth County District Court. He completed drug abuse and criminal risk-need assessments which deemed him eligible for drug abuse treatment in lieu of prison. But prior to sentencing, Thompson was convicted and sentenced on new charges in Missouri which enhanced his criminal history score to a presumptive prison box. At

1

sentencing, the district court sentenced Thompson to a total term of 52 months in prison with 12 months' postrelease supervision. It also awarded Thompson 119 days of jail credit.

Thompson now appeals, arguing the district court committed two reversible errors. First, he claims the district court imposed an illegal sentence when it failed to sentence him to drug treatment instead of prison. Second, Thompson maintains the district court did not award jail credit for all the days he remained in custody pending disposition of his case. We now affirm the district court.

FACTUAL AND PROCEDURAL HISTORY

In April 2022, Thompson was arrested on charges of attempted traffic in contraband in a correctional institution or care and treatment facility, possession of stolen property, interference with law enforcement, and possession of a controlled substance. In May 2022, he pleaded no contest to those charges. Thompson posted bond later that day and was released from custody to return for sentencing on June 29, 2022.

Thompson underwent a drug abuse assessment and criminal risk-need assessment. His drug abuse assessment found that he had a high probability of having a substance abuse disorder and a high probability of a prescription drug abuse issue. Further, the criminal risk-need assessment found his risk level to be high and recommended community corrections.

Thompson's presentence investigation (PSI) report noted that with a court finding, he was eligible for treatment under K.S.A. 21-6824, informally known as S.B. 123 treatment. The PSI report also found that at that time, Thompson had a criminal history score of C and that he was eligible for border box sentencing.

2

Thompson failed to appear for his sentencing hearing, and the district court issued a warrant for his arrest. A week later, on July 6, 2022, Thompson was arrested in Platte County, Missouri, and charged with unlawful possession of a firearm and resisting/interfering with arrest for a felony. He remained in custody in Missouri until December 15, 2022, when he was sentenced to four years in prison with the Missouri Department of Corrections. The Missouri district court awarded Thompson jail credit for time served from the date of his arrest, July 6 until his sentencing date. We note that the Missouri sentencing journal entry records this as 192 days. Yet our calculation indicates that the days between those two dates is 162 days, but it is ultimately of no import here.

On May 6, 2024, the Leavenworth County Sheriff's Office and the Leavenworth County Attorney received a request for disposition of the Leavenworth County charges from the Warden of the Farmington Correctional Center in Farmington, Missouri. In it, Thompson waived extradition and requested a speedy trial, within 180 days. It also showed Thompson's scheduled release date from Missouri custody as March 5, 2025. Thompson was temporarily released from Missouri custody and brought to Kansas and booked into the Leavenworth County jail on June 10, 2024.

After a dispute between the parties about Thompson's criminal history score, he appeared before the district court for sentencing on this matter on September 6, 2024. Because of his Missouri convictions, Thompson's criminal history score increased and he was no longer border box eligible, and instead, he was subject to a presumptive prison sentence.

The State recommended that Thompson receive prison time while Thompson's counsel requested he be sentenced to drug treatment. After hearing the parties' recommendations, the district court sentenced Thompson to a combined 52 months in prison with 12 months' postrelease supervision. It also awarded Thompson 119 days of

jail credit. This included 88 days for the time beginning with the service of the Leavenworth warrant and ending with the sentencing date on this case.

The district court noted that Thompson was eligible for drug treatment under S.B. 123, but given his presumptive prison status, he could only receive treatment if the district court found that public safety would not be jeopardized by sending Thompson to treatment instead of prison. The district court noted it had looked at drug treatment and based on Thompson's criminal history, it was declining to make the necessary findings.

Later that month, Thompson filed a motion to correct illegal sentence under K.S.A. 22-3504(a). In his motion, Thompson argued the district court did not award proper jail credit for the time Thompson spent in custody pending the disposition of this case. He also claimed the district court erred by refusing to sentence him to drug treatment instead of prison under K.S.A. 21-6824. The district court denied his motion in early October 2024.

Thompson now appeals.

ANALYSIS

I.  *The district court did not impose an illegal sentence when it ordered Thompson to serve prison time instead of imposing a drug treatment program under S.B. 123.*

We first consider Thompson's argument that the district court's refusal to order drug treatment in lieu of prison time amounts to an illegal sentence. Thompson notes that he requested the district court make findings for S.B. 123 eligibility at sentencing. He also correctly argues that even if he had not requested such findings, an illegal sentence may be corrected at any time. See *State v. Hill*, 313 Kan. 1010, 1013, 492 P.3d 1190 (2021).

The State maintains that based on Thompson's criminal history score, he was subject to a presumptive prison sentence and further, that because the district court followed the presumptive sentence, this court lacks jurisdiction to consider Thompson's claim. In the alternative, it argues Thompson's sentence conformed to the applicable statutory provision because the district court explicitly declined to make the findings necessary to order drug treatment.

We first consider the State's assertion that we may not consider Thompson's argument because we lack appellate jurisdiction over his claim. Whether jurisdiction exists is a question of law over which we have unlimited review. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009).

On appeal, Thompson does not dispute that his grid box 5B designation, which will be discussed in more detail later, warranted a presumptive prison sentence. See K.S.A. 2021 Supp. 21-6805(a). Based on this designation, his placement in a drug treatment program is subject to the departure sentencing statutes of the revised Kansas Sentencing Guidelines Act (KSGA). K.S.A. 2021 Supp. 21-6824(e). Under K.S.A. 2021 Supp. 21-6820(c)(1) of the KSGA, appellate courts are barred from reviewing "[a]ny sentence that is within the presumptive sentence for the crime." So the State argues that because the district court chose not to depart from the presumptive prison term, we are barred from considering Thompson's argument further under K.S.A. 2021 Supp. 21-6820(c)(1).

The Kansas Supreme Court considered a similar jurisdiction argument in *State v. Warren*, 297 Kan. 881, 882, 304 P.3d 1288 (2013). There, the court held that if a district court "misinterprets its own statutory authority and explicitly refuses to consider a defendant's request for a discretionary, nonpresumptive sentence that the district court has statutory authority to consider, the appellate court may take up the limited question of whether the district court properly interpreted the sentencing statute." 297 Kan. 881, Syl.

5

¶ 1. Because Thompson alleges the district court misinterpreted the provisions of K.S.A. 2021 Supp. 21-6824(a), we may review the merits of Thompson's illegal sentence claim.

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Zongker*, 319 Kan. 411, 437, 555 P.3d 698 (2024). An illegal sentence is one that is: imposed by a court without jurisdiction; does not conform to the statutory provision either in the character or the term of the authorized punishment; or is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *State v. Clark*, 306 Kan. 161, 163, 392 P.3d 134 (2017). Thompson maintains his sentence is illegal because it does not conform to the applicable statutory provisions of K.S.A. 2021 Supp. 21-6824 and K.S.A. 2021 Supp. 21-6604(n).

We begin our analysis of the merits of Thompson's claim by reviewing the relevant statutory provisions. Interpretation of a sentencing statute is a question of law, over which we exercise unlimited review. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019). K.S.A. 2021 Supp. 21-6824(a) offers "[p]lacement of offenders in certified drug abuse treatment programs by the court" for adult offenders who meet certain requirements controlled by their crimes. For Thompson's crimes, he was rated a grid box 5B offender designation, a classification dictated by subsection (a)(2) of the statute. This provision requires drug treatment if:

> "[S]uch offender has no felony conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, prior to their repeal, K.S.A. 2010 Supp. 21-36a03, 21-36a05 or 21-36a16, prior to their transfer, or K.S.A. 2021 Supp. 21-5703, 21-5705 or 21-5716, and amendments thereto, or any substantially similar offense from another jurisdiction, if the person felonies in the offender's criminal history were severity level 8, 9 or 10 or nongrid offenses of the sentencing guidelines grid for nondrug crimes, *and* the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will not be jeopardized by such placement in a drug abuse treatment program." (Emphasis added.) K.S.A. 2021 Supp. 21-6824(a)(2).

Once an offender meets the above requirements, they are subject to a drug abuse assessment and criminal risk-need assessment. K.S.A. 2021 Supp. 21-6824(b)(1)-(2). If an offender is assigned a risk status under both assessments that meets a predetermined participation criteria, "the sentencing court shall commit the offender to treatment in a drug abuse treatment program until the court determines the offender is suitable for discharge by the court." K.S.A. 2021 Supp. 21-6824(c); see also *State v. Andelt*, 289 Kan. 763, 772-73, 217 P.3d 976 (2009) (district court must sentence offender to certified drug abuse treatment program when offender meets statutory qualifications).

Thompson maintains that even though the district court did not make particularized findings about public safety, it still ordered him to undergo drug abuse and criminal risk-need assessments, an order only authorized if an offender has met the requirements of K.S.A. 2021 Supp. 21-6824(a). He cites to *State v. Swazey*, 51 Kan. App. 2d 999, 1004, 357 P.3d 893 (2015), to support his assertion that a district court's discretion in sentencing is not necessarily permanent throughout the application of K.S.A. 2021 Supp. 21-6824.

Thompson's argument, however, ignores key factual distinctions between his case and *Swazey*. In *Swazey*, the appellant offender was assigned a 5C criminal history score designation. Under K.S.A. 2014 Supp. 21-6824(a)(1), the district court was not required to make any findings about public safety for Swazey to qualify for drug treatment. 51 Kan. App. 2d at 1001-05.

Here, the district court ordered the drug and criminal risk-need assessments prior to Thompson's Missouri conviction which enhanced his score from 5C, a border box, to 5B, a presumptive prison sentence. Once Thompson was assigned the 5B designation, K.S.A. 2021 Supp. 21-6824(a)(2) required the district court to set forth with particularity findings that Thompson would not jeopardize public safety in order for him to receive drug treatment.

7

For these reasons, we hold the district court did not err in interpreting the provisions of K.S.A. 2021 Supp. 21-6824(a)(1). The district court both acknowledged and intentionally declined to make the necessary findings at Thompson's sentencing that he would not jeopardize public safety. Because the district court did not make these findings, it properly found that Thompson did not meet the eligibility requirements for mandatory drug treatment under K.S.A. 2021 Supp. 21-6824(a)(2). We therefore affirm Thompson's prison sentence.

II.     *Thompson received the jail credit for which he was entitled.*

Thompson next argues the district court erred by denying him jail credit for the time he spent incarcerated in Missouri while awaiting sentencing and prior to disposition of this case. He believes he is entitled to credit for the "192 [*sic*] days" he spent in custody in Missouri from his date of arrest in Missouri to his sentencing and remand to prison in Missouri. It is unclear why he deems that time different than the time from December 15, 2022, to June 10, 2024, when he was served with the Leavenworth County warrant while also serving his Missouri prison term, but ultimately it is of no import.

Thompson's claim concerns interpretation of the jail credit statute, K.S.A. 2021 Supp. 21-6615. We review issues of statutory interpretation de novo. *State v. Mora*, 315 Kan. 537, 541, 509 P.3d 1201 (2022).

K.S.A. 2021 Supp. 21-6615(a) states:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time

8

which the defendant has spent incarcerated pending the disposition of the defendant's case."

The Kansas Supreme Court ruled in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023), that this language requires that "a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." In *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025), the court expanded on this ruling to hold that defendants are entitled to day-for-day jail credit regardless of whether that time was awarded towards another case.

But the key language here is "time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2021 Supp. 21-6615(a). Thompson was released from custody in Kansas on May 20, 2022, and was not placed back in custody on this case until June 10, 2024. A defendant is not incarcerated pending disposition of a case when he is free on bond in that case. Bond is not the equivalent of custody. *State v. Urban*, 291 Kan. 214, 221, 239 P.3d 837 (2010). In *Urban* the court noted, "'release on bail' is release from jail." 291 Kan. at 220. See also *State v. Guzman*, 279 Kan. 812, 815-16, 112 P.3d 120 (2005) (release on bail does not give rise to jail credit); *State v. Graves*, 47 Kan. App. 2d 808, 819, 278 P.3d 993 (2012) (release on an appearance bond while awaiting the disposition of a criminal case does not entitle one to jail time credit). We note that the term "bail" refers to the release of a defendant from custody pending a future appearance, and the term "bond" refers to a condition of that release, generally monetary. Although the terms have different meanings, they are often used interchangeably. See Pretrial Justice Task Force Report to the Kansas Supreme Court, November 2020, p. 8. If release on bail counts neither as jail nor custody, it likewise cannot amount to incarceration. As a result, Thompson is not entitled to credit for time spent incarcerated in Missouri because he was not being held in custody on this case. Neither the State nor Thompson dispute the credit that Thompson was given beginning with his arrest on the Leavenworth warrant, even though he was still serving

9

his Missouri prison term until March 5, 2025. Accordingly, that issue is not properly before us.

Affirmed.