No. 114,246

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW R. STORER,
*Appellant.*

SYLLABUS BY THE COURT

1.

Under K.S.A. 22-3504(2), clerical errors in criminal-case judgments and errors in the record arising from oversight or omission may be corrected by the court at any time.

2.

Where jail-time credit against a criminal sentence has been awarded in a sentencing order but has not been the subject of contested proceedings or the product of judicial deliberation, the amount of jail-time credit awarded can be challenged at a later date under K.S.A. 22-3504(2).

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed September 16, 2016. Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

LEBEN, J.: When Andrew Storer was sentenced in 2009 for aggravated robbery and marijuana possession, he no doubt focused on one key question: Will the judge give me probation?

The answer wasn't a foregone conclusion. Based on the serious nature of the offense and Storer's past convictions, Kansas sentencing guidelines provided a presumptive prison sentence, not probation. But the parties jointly recommended probation based on a plea agreement. The judge went along with the plea agreement, sentencing Storer to 36 months of probation with an underlying 216-month (18-year) prison sentence that Storer would have to serve if he didn't successfully complete his probation. We have not stood before a judge wondering whether we would get probation (for 3 years or less) or go to prison for 18 years, but we think that question would be the main thing a defendant in that situation would be focused on.

What Storer—and apparently the judge and the attorneys—didn't pay as much attention to that day was how much credit against his sentence Storer was entitled to based on the days he'd already spent in jail awaiting trial. At the sentencing hearing, the judge simply said, "You will receive credit for time served."

The written sentencing order (called the Journal Entry of Judgment) dutifully noted that Storer had been in jail for 254 days before sentencing, but Storer wasn't awarded credit for *any* of those days. Neither the written order nor any comments made at sentencing tell us why. And Storer remained in jail for another 78 days after sentencing until a spot was available in the residential-treatment program ordered as part of his probation; he also spent 92 days in that residential program.

All of this matters because Storer didn't successfully complete his probation. So he is now in prison to serve his sentence. (The district court has the option when it revokes

2

probation to shorten a sentence; in Storer's case, the court used that discretion to lessen his sentence to 120 months [10 years].) And Storer filed a motion after his probation was revoked seeking additional credit for the time he had previously spent in jail (or confined in the residential-treatment program).

But the State argues—and the district court ruled—that whether or not Storer was given the jail-time credit he deserved, courts cannot hear the matter because Storer failed to file an appeal way back when—specifically, within 14 days of his sentencing, when the written sentencing order didn't give him the jail-time credit. Since Storer failed to appeal then, the State contends, we have no jurisdiction to hear the issue now.

That's the question we must answer in this appeal: Do we have jurisdiction to consider the appeal of a motion for jail-time credit when the defendant did not previously raise the issue in a direct appeal immediately after sentencing?

The State argues that since whatever jail-time credit is being awarded is set out in the written order at sentencing, the defendant must appeal that decision within 14 days. (The State's appellate brief cites the 14-day period provided for appeals arising after July 1, 2010. At the time of Storer's sentencing in 2009, he actually had only 10 days to appeal. Compare K.S.A. 2015 Supp. 22-3608[c] with K.S.A. 22-3608[c].) The right to appeal is a statutory one, so we have jurisdiction to hear the appeal only if a party has followed the statutory rules. *State v. Mburu*, 51 Kan. App. 2d 266, 269, 346 P.3d 1086, *rev. denied* 302 Kan. 1017 (2015). Since Storer didn't challenge the district court's sentencing order within 14 days, the State contends, we have no jurisdiction to hear a later challenge to it. See *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008) (noting, subject to limited exceptions, that if an appeal is not taken within the statutory time period after judgment, the court lacks jurisdiction to consider it). Indeed, in several unpublished cases, our court has applied this rule to later challenges to the awarding of jail-time credit. *E.g.*, *State v. Arculeo*, No. 110,974, 2015 WL 569396, at *3 (Kan. App.)

(unpublished opinion), *rev. denied* 302 Kan. 1012 (2015); *State v. Walker*, No. 109,309, 2014 WL 902153, at \*4 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1052 (2015); *State v. Muldrow*, No. 107,291, 2013 WL 1149704, at \*2 (Kan. App.) (unpublished opinion), *rev. denied* 297 Kan. 1253 (2013).

But Storer cites another unpublished case, *State v. Mitchell*, No. 111,863, 2015 WL 5927041, at \*3-4 (Kan. App. 2015), in which our court determined that it had jurisdiction to consider a request for jail-time credit even though the defendant had not filed an initial appeal within 14 days of sentencing. We believe the result reached by the *Mitchell* court was correct—unless the district court has previously made a considered (and unappealed) ruling on the jail-time-credit issue after hearing the position of both sides on the matter, the jail-time-credit ruling can be amended on a motion under K.S.A. 22-3504(2) "at any time."

That statute is part of the Kansas Code of Criminal Procedure. It provides that "[c]lerical mistakes in judgments . . . and errors in the record arising from oversight or omission may be corrected by the court at any time" on proper notice. K.S.A. 22-3504(2). Where it applies, then, this statute would provide jurisdiction for a court to consider changes to a criminal judgment even though the normal appeal time had already run. That's because it explicitly allows corrections "at any time." To see whether this statute applies to our situation, let's consider what constitutes a clerical mistake or an error arising from oversight or omission.

Black's Law Dictionary defines a "clerical error" as one "resulting from a minor mistake or inadvertence and not from judicial reasoning or determination." Black's Law Dictionary 659 (10th ed. 2014). That's consistent with Kansas law. Under statutes applicable in both civil and criminal cases, the district court can enter an amended order (called a "nunc pro tunc" or "now for then" order) to correct a clerical error. But a nunc pro tunc order can't be used to correct a decision deliberately made by the court

4

exercising its judicial discretion. See *State v. Potts*, 304 Kan. 687, 708-09, 374 P.3d 639 (2016); *Book v. Everitt Lumber Co., Inc.*, 218 Kan. 121, 125, 542 P.2d 669 (1975) (citing *Wallace v. Wallace*, 214 Kan. 344, 348-49, 520 P.2d 1221 [1974]).

In our case—and in most that we have come across—the jail-credit question is treated at sentencing as a clerical matter. The parties don't present competing positions as to how many days of credit the defendant is entitled to. Rather, usually with the agreement of the attorneys, somebody fills in some blanks on the form used to record a Kansas criminal sentencing order, and the judge signs it.

In Storer's case, as we've already noted, all the judge said at sentencing was that Storer "will receive credit for time served." Similarly, when the court revoked Storer's probation, the court simply said at that hearing that Storer was "entitled to credit for time served." Counsel and the court treated the number of days to be filled in on the form as a clerical matter; no determination was made based on judicial reasoning or the exercise of judicial discretion.

We have seen the same thing in other cases. For example, in *Walker*, 2014 WL 902153, at *4, the district court told the defendant at sentencing that he would receive jail credit, but the journal entry of sentencing wasn't filed then. Contrary to the court's statement, the journal entry filed 2 weeks later didn't award credit for 24 days of the time the defendant had been in custody before sentencing. Moreover, the defendant's attorney didn't sign the journal entry, so it was not at all clear in our record on appeal how the order came to be filled out—and signed by the district court judge—with that discrepancy.

What *Walker* and Storer's case have in common is that there's no indication in our record that the parties ever presented differing views to the district court about how much jail-time credit should be awarded. Nor is there any indication in our record that the

5

district court deliberately made some decision on the jail-time-credit issue. If the judge has not made any deliberative decision, the hallmark of the judicial function, then entering numbers on the form for jail-time credit is a clerical function, even though it was a judge who ultimately signed that written order.

Under K.S.A. 22-3504(2), the district court can correct a clerical error at any time. Accordingly, the district court had jurisdiction to consider Storer's motion on its merits, and the court's dismissal of the motion for lack of jurisdiction was in error. In addition, of course, since the district court had proper jurisdiction over the motion, we have proper jurisdiction to consider an appeal from that motion's dismissal. *Cf. Bartlett Grain Co. v. Kansas Corporation Comm'n*, 292 Kan. 723, Syl. ¶ 4, 256 P.3d 867 (2011) (noting that where district court lacks jurisdiction to enter an order, appellate court has no jurisdiction to consider matter on appeal).

Once such a motion is properly before the district court, that court may summarily dismiss the motion only if it is absolutely clear from review of the court record and the motion that there is no potential merit to the motion. See *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) (holding that a motion to correct illegal sentence under K.S.A. 22-3504[1] may be dismissed without a hearing only if review of the court record conclusively shows the defendant is not entitled to relief); *State v. Hood*, No. 112,332, 2016 WL 463742, at *2 (Kan. App. 2016) (unpublished opinion) (applying same standards for review of motion under K.S.A. 22-3504[2] as for K.S.A. 22-3504[1]). That's not the case here. We have not set out in our opinion all of the details regarding time Storer spent in custody, but he was in jail for 78 days after his sentencing awaiting a spot in a residential-treatment program; he was in that program for 92 days; and he was in jail after arrest for probation violations but before his probation was revoked for another 92 days.

6

We cannot determine on our record how these days—and others—should have been treated. It may well be that Storer wasn't entitled to credit for these days against his sentence in this case. That's because he's generally only entitled to credit against his sentence in this case for time he spent in custody solely due to the charges in this case. See K.S.A. 2015 Supp. 21-6615(a); *Hooks v. State*, 51 Kan. App. 2d 527, 531, 349 P.3d 476 (2015) (citing general rule that defendant is only entitled to jail credit for time spent in custody while "being held *solely* on the charge for which the defendant is being sentenced"). But see *State v. Hopkins*, 295 Kan. 579, 586, 285 P.3d 1021 (2012) (awarding jail credit for time spent in residential-drug-treatment program on probation order in a different case). Thus, if he was also being held for some other reason, he may not be entitled to credit against the sentence in this case. And that may be true here: Storer's sentence was made to run consecutively to his sentence from an earlier case; he committed this aggravated robbery while he was out on parole from the earlier conviction. We simply can't tell from our record whether Storer is entitled to any jail-time credit in this case that hasn't previously been awarded to him. We must therefore return the case to the district court for further hearings.

Before we close our opinion, we address two other matters—one of policy, the other of precedent.

From the standpoint of policy, our interpretation of K.S.A. 22-3504(2) makes good sense. Let's assume for the moment that Storer really should have been given credit against his sentence for additional time already spent in jail. That's not an absurd assumption, as we know that mistakes happen in all human endeavors, including calculating jail credit. For example, in *Mitchell*, although the State argued that our court should dismiss the defendant's claim for lack of jurisdiction, the State admitted that if a court reached the merits of his claim, Mitchell was entitled to 40 days of additional jail-time credit. 2015 WL 5927041, at *1. In such a case, what possible public purpose could

7

be served by keeping the defendant in prison—at public expense—for that additional time?

From the standpoint of precedent, we would note that there are at least two Kansas Supreme Court opinions that support the result we reach: *State v. Guzman*, 279 Kan. 812, 813-16, 112 P.3d 120 (2005); and *State v. Harper*, 275 Kan. 888, 69 P.3d 1105 (2003). In each of these cases, that court ruled on a jail-credit issue raised in a motion filed well after the time for appealing the original conviction and sentence. While the court did not specifically mention the jurisdiction question, appellate courts of course have a duty to question their own jurisdiction, so the existence of these cases squarely ruling on a jail-credit issue in these circumstances supports our conclusion. See also *State v. Cockerham*, 266 Kan. 981, 985, 975 P.2d 1204 (1999) (granting a defendant more jail-time credit doesn't modify sentence). And while the Kansas Supreme Court has said that a jail-credit error doesn't make a sentence illegal—and thus a motion for jail credit isn't a motion to correct an illegal sentence under subsection (1) of K.S.A. 22-3504 (see *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 [2001])—we have found no Kansas Supreme Court case addressing whether a jail-credit motion is properly considered under subsection (2), which allows clerical errors and errors in the record that arise from oversight or omission to be corrected "at any time." In addition, the court in *Lofton*, despite holding that the jail-credit claim wasn't properly before the court because it didn't make the sentence illegal, nonetheless addressed that claim, finding that the defendant wasn't entitled to any additional jail credit. 272 Kan. at 217-18.

As we have explained in this decision, we find that a motion for jail credit may be properly considered under that section as long as the matter was not previously and specifically presented to the court and ruled upon at an earlier time and no appeal was taken (or an appeal was lost) from the earlier ruling. In that limited circumstance, further litigation of the matter would be barred under the doctrine of res judicata (Latin for "a thing adjudicated"), which provides that once an issue has been presented to the court and

decided in a final judgment, the issue may not be raised a second time. See *Upchurch v. State*, 36 Kan. App. 2d 488, 493, 141 P.3d 1175, *rev. denied* 282 Kan. 797 (2006).

The district court's judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.