NOT DESIGNATED FOR PUBLICATION

No. 118,088

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRICE AARON GRIZZLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed July 20, 2018.
Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

PER CURIAM: While out on bond, Brice Grizzle pleaded guilty in case No. 16 CR 125. About a month and a half later, he was arrested and charged in case No. 17 CR 05. While in jail, the district court sentenced him to prison in 16 CR 125, but he stayed in jail awaiting resolution of 17 CR 05. Several months later, he pleaded guilty in 17 CR 05, and the district court sentenced him to probation and awarded him 186 days of jail time credit. At his sentencing hearing for 17 CR 05, Grizzle asked the court to award the 186 days of jail time credit to 16 CR 125, arguing he had been in custody on that case since his sentencing. The court denied his request, finding he had remained in jail because of 17 CR 05.

1

On November 16, 2016, Grizzle pleaded guilty in case No. 16 CR 125 to distribution or possession with intent to distribute marijuana, a severity level 4 drug felony. The journal entry of judgment for 16 CR 125 shows Grizzle was released on bond in that case.

While Grizzle was awaiting sentencing in 16 CR 125, the State charged him in case No. 17 CR 05 with five counts of burglary of a motor vehicle, a severity level 9 nonperson felony, and five counts of theft, a class A nonperson misdemeanor. Grizzle was on felony bond at the time of the offenses. The record shows Grizzle was first incarcerated for 17 CR 05 on December 31, 2016. The district court set bond for 17 CR 05, but Grizzle never bonded out.

On February 22, 2017, the district court sentenced Grizzle to 34 months in prison for 16 CR 125 to run consecutive to his sentence of 7 months' imprisonment in case No. 15 CR 02. The court also awarded Grizzle 65 days of jail time credit for time spent incarcerated before his conviction.

Grizzle eventually pleaded guilty to two counts of burglary of a motor vehicle in 17 CR 05. On July 5, 2017, the district court granted Grizzle a downward dispositional departure to 12 months' probation, with a total underlying prison sentence of 18 months. Because Grizzle was on felony bond at the time of the offenses, the court ordered his probation to run consecutive to his sentences for 15 CR 02 and 16 CR 125. The court also awarded 186 days of jail time credit for the time Grizzle spent in jail from December 31, 2016, to July 5, 2017.

At the sentencing hearing, Grizzle asked the district court to apply the 186 days of jail time credit to his sentence in 16 CR 125 because he had been awaiting transport to the Department of Corrections (DOC) to start his prison sentence. The State opposed Grizzle's request, arguing "that [time] has to be computed and imputed to this particular

2

case, because this is the one that he was being held on. . . . [T]he reason that he didn't go to DOC is he had a hold on this case and that's where that time has to be applied."

The district court denied Grizzle's request and found it had to credit the time to 17 CR 05. The court explained that Grizzle had been in the custody of the Dickinson County Sheriff awaiting transport to the DOC, but he stayed in jail because of his hold in 17 CR 05. The court noted Grizzle could have applied for release from or modification of his bond in 17 CR 05 so he could begin his DOC sentence but he had not done so. Grizzle appeals.

On appeal, Grizzle argues the district court erred when it applied his jail time credit to his sentence in 17 CR 05 instead of 16 CR 125. He contends nothing prevented the district court from applying the jail time credit to his earlier case. The State responds that Grizzle failed to timely appeal his sentence in 16 CR 125, so he cannot challenge it now. It adds that Grizzle spent time in jail solely for 17 CR 05, so the jail time credit can apply only in that case.

The State argues Grizzle is asking us to reconsider his award of jail time credit in 16 CR 125, but he did not file a timely appeal in that case. This need not preclude review. A district court may consider a motion for jail time credit at any time, as long as it has not already made a considered ruling on the issue after hearing from both parties. *State v. Storer*, 53 Kan. App. 2d 1, 3, 382 P.3d 467 (2016). The record does not show if the district court made a ruling on this issue in 16 CR 125 after hearing from Grizzle and the State. That said, Grizzle timely appealed his sentence in 17 CR 05, so we at least have jurisdiction to determine if the district court properly awarded jail time credit in 17 CR 05.

The right to jail time credit is statutory. *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997). Resolution of this issue requires interpretation of the relevant statute, K.S.A.

3

2017 Supp. 21-6615. Statutory interpretation is a question of law subject to unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

*The District Court Properly Awarded Jail Time Credit in 17 CR 05.*

Generally, a defendant who spends time in jail pending his or her conviction and sentencing may receive credit for that time. K.S.A. 2017 Supp. 21-6615(a), a recodification of K.S.A. 21-4614 without substantive changes, states in relevant part:

> "In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

A defendant earns jail time credit under K.S.A. 2017 Supp. 21-6615(a) solely for jail time incurred because of, or as a direct result of, the charge for which the defendant is being sentenced. See *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003); *State v. Calderon*, 233 Kan. 87, 97-98, 661 P.2d 781 (1983).

In 17 CR 05, the district court awarded 186 days of jail time credit for the period from December 31, 2016, to July 5, 2017. The court imposed sentence in 16 CR 125 during this time, on February 22, 2017, and remanded Grizzle to the custody of the Dickinson County Sheriff to await transport to the DOC. Grizzle argues that once the district court sentenced him in 16 CR 125, he was in custody on that case even though he was awaiting transport to the DOC or awaiting resolution of his other cases. Thus, he essentially contends the district court should have awarded jail time credit in 16 CR 125 for February 22, 2017, to July 5, 2017.

4

Contrary to Grizzle's argument, the district court could not have assigned this time to 16 CR 125. Under K.S.A. 2017 Supp. 21-6615(a), a court must award jail time credit for "the time which the defendant has spent incarcerated *pending the disposition* of the defendant's case." (Emphasis added.) After the court imposed a sentence in 16 CR 125 on February 22, 2017, any time Grizzle spent in jail was not spent pending disposition in that case. The district court thus did not err in awarding that time in 17 CR 05. See *State v. Spry*, No. 99,171, 2009 WL 205225, at *2 (Kan. App. 2009) (unpublished opinion) (finding district court did not err in declining to award time spent in jail after sentencing as jail time credit).

Of course, this only accounts for the time Grizzle spent in jail after the district court sentenced him in 16 CR 125 on February 22, 2017. Before this, Grizzle was in jail for about two months, starting on December 31, 2016. Grizzle has not argued that he spent those two months in jail pending the disposition of 16 CR 125. He only claims that after his sentencing in February 2017, he was in custody on both cases. So he has waived and abandoned this argument. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) (holding an issue not briefed by the appellant is considered waived or abandoned).

All the same, the record on appeal suggests Grizzle spent this time in jail solely for 17 CR 05 because Grizzle was released on bond in 16 CR 125. He has not provided anything to show his bond was revoked in that case. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015) (holding defendant has burden of designating record showing error). Because Grizzle was in jail from December 31, 2016, to February 22, 2017, solely because of 17 CR 05, the district court correctly applied that time to this case.

Grizzle's only counterargument is that, "[g]enerally, with consecutive sentences, jail time is applied chronologically, to the earlier conviction/sentence/case." Even so, a defendant is entitled to jail time credit only for jail time incurred pending disposition of

5

the charge for which the defendant is being sentenced. Because Grizzle incurred the 186 days of jail time credit pending conviction and sentencing to 17 CR 05, the district court could have only awarded those 186 days in 17 CR 05. Whether he served his sentence in 17 CR 05 before or after his sentence in 16 CR 125 is thus irrelevant in awarding that credit.

The State relies on *State v. Unruh*, No. 113,991, 2016 WL 3128773 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1257 (2017), to support its position that the district court was correct to award jail time credit in Grizzle's later case. In *Unruh*, the district court sentenced the defendant for a new offense but ordered that any jail time should be credited to any reincarceration she might serve for violating her postrelease supervision on an earlier case. The *Unruh* court reversed, ordering the district court to apply the jail time credit to the sentence for the new offense. The court limited the holding to the particular circumstances before it, and expressly disclaimed any attempt to apply its holding to other situations. 2016 WL 3128773, at *2. *Unruh* therefore provides no guidance about how the district court should have credited Grizzle's jail time.

Affirmed.