Luckert, J., concurring in part and dissenting in part:
I agree with the majority's conclusion that Anthony Smith's failure to raise the issue of jail credit on direct appeal did not result in a waiver of the issue if relief is sought under K.S.A. 22-3504(2). But I disagree with the majority's conclusion that the district court can be affirmed because Smith failed to allege a jurisdictional basis for his motion.
Smith set out a detailed explanation of his calculation of the jail credit he believes the district court should have awarded. The State responded, raising only the legal argument that Smith had waived his ability to challenge the calculation of jail time by not appealing on that issue. Thus, the parties have not yet argued about whether Smith's allegations fall *1049 within the category of a clerical error or whether Smith's calculation has merit. Nor have the parties developed arguments about whether this court should adopt the Court of Appeals decision in State v. Storer , 53 Kan. App. 2d 1, 382 P.3d 467 (2016). Under that holding, Smith certainly said enough in his motion for a court to have jurisdiction under K.S.A. 22-3504(2).
In Storer , the Court of Appeals panel held that "unless the district court has previously made a considered (and unappealed) ruling on the jail-time-credit issue after hearing the position of both sides on the matter, the jail-time-credit ruling can be amended on a motion under K.S.A. 22-3504(2) 'at any time.' " 53 Kan. App. 2d at 3, 382 P.3d 467. The Storer panel noted: "Black's Law Dictionary defines a 'clerical error' as one 'resulting from a minor mistake or inadvertence and not from judicial reasoning or determination.' Black's Law Dictionary 659 (10th ed. 2014)." 53 Kan. App. 2d at 4, 382 P.3d 467. It then observed:
"[T]here's no indication in our record that the parties ever presented differing views to the district court about how much jail-time credit should be awarded. Nor is there any indication in our record that the district court deliberately made some decision on the jail-time-credit issue. If the judge has not made any deliberative decision, the hallmark of the judicial function, then entering numbers on the form for jail-time credit is a clerical function, even though it was a judge who ultimately signed that written order." 53 Kan. App. 2d at 5, 382 P.3d 467.
See State v. Floyd , No. 115,699, 2016 WL 7179332 (Kan. App. 2016) (unpublished opinion) (adopting Storer 's holding and analysis).
Valid reasons exist for rejecting this approach. But until we settle whether we adopt this holding or adopt some other standard, I do not see how we can evaluate Smith's motion. Both his motion and the record before us suggest the court made no "deliberative decision" about the calculation of Smith's jail credit. Further, the majority seems to demand that a pro se litigant use the magical words of "clerical error" and meet an evidentiary standard of some sort when using 22-3504(2) as a jurisdictional basis. But this court's caselaw regarding 22-3504(2) is sparse and has never stated pleading or evidentiary standards for establishing a clerical error. The statute is also silent about the procedure to be used when applying the statute. Smith should not be held to an undefined standard. While the law may develop to impose specific pleading requirements, those requirements are not settled. And as of yet, this court has not eliminated a Storer - like approach. At a minimum, Smith has done as much as Andrew Storer.
Further, the merits of Smith's motion cannot be determined on the record before us. As the majority suggests, it appears a change in caselaw may be necessary before Smith could be given all the jail credit he seeks. But the record does not establish that he was being held on multiple cases at all times. Thus, it does not eliminate the possibility that Smith is entitled to a credit for some of the time he sets out. He has presented factual questions that should be resolved before the district court. See State v. Alford , 308 Kan. 1336, 1338, 429 P.3d 197 (2018) (on appeal of summary denial of motion to correct an illegal sentence, an appellate court must determine whether the motions, records, and files conclusively show the defendant is not entitled to relief). Smith's motion and the record on appeal do not conclusively foreclose the possibility of relief.
Finally, although Smith has not preserved the issue of whether he received an illegal sentence, on remand that issue might be rejuvenated. Here, the Court of Appeals cited State v. Lofton , 272 Kan. 216, 32 P.3d 711 (2001), to hold a challenge to a sentence begins date is not a claim that a sentence is illegal under K.S.A. 22-3504(1). 2016 WL 2609643, at *3. But Lofton addressed a sentence imposed in 1984. And another case often cited for the same holding, State v. Cockerham , 266 Kan. 981, 985, 975 P.2d 1204 (1999), addressed a sentence imposed in 1988. Both decisions interpret and apply statutes that predate the effective date of the Kansas Sentencing Guidelines Act (KSGA), K S.A. 21-4701 et seq., in 1993. Changes in the law and our decisions in State v. Gaudina , 284 Kan. 354, 358-59, 160 P.3d 854 (2007), and State v. Harper , 275 Kan. 888, 69 P.3d 1105 (2003), suggest the need to examine the *1050 relevance of Lofton , Cockerham , and similar cases to KSGA sentences. Compare K.S.A. 2018 Supp. 22-3717 (d)(1), (q) (applying to sentences for crimes committed after July 1, 1993, and providing that calculations of distinct portions of sentences are keyed to sentence begins date and stating, "Inmates shall be released on postrelease supervision upon the termination of the prison portion of their sentence. Time served while on postrelease supervision will vest.") with K.S.A. 22-3722 (time "served on parole ... shall be deemed service of the term of confinement").
I would remand to allow the parties to develop their procedural, factual, and legal arguments about whether a clerical error occurred.