MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 127,007

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOLI L. THOMAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Original opinion filed April 4, 2025. Modified opinion filed July 3, 2025. Sentence vacated and case remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., COBLE and PICKERING, JJ.

PER CURIAM: Appellant Joli L. Thomas has moved for rehearing or for modification of our opinion in this appeal. We grant Thomas' motion for modification. We also note the State's response to Thomas' motion for rehearing or for modification. The following is our modified opinion in this appeal.

---

[1] **REPORTER'S NOTE:** Opinion No. 127,007 was modified by the Court of Appeals on July 3, 2025, in response to Appellant's motion for modification or rehearing filed April 15, 2025.

1

The district court convicted Thomas of aggravated battery in Sedgwick County after she pleaded guilty but granted her a dispositional departure. It then sentenced her to 66 months in prison to run consecutive to any other convictions but awarded her 33 months of probation. Thomas later violated the terms of her probation. The district court revoked her probation and imposed her original prison sentence. During sentencing, the court awarded her jail time credit but excluded some days that the court found were awarded in her other cases. Thomas now appeals the district court's decision, arguing that the court erred in denying her jail time credit for all the days she spent incarcerated awaiting her sentence in this case, citing our Supreme Court's holdings in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), and *State v. Hopkins*, 317 Kan. 657, 537 P.3d 845 (2023). Applying the reasoning of *Ervin*, we vacate the district court's decision denying Thomas' award of portions of jail time credit which she had already been awarded in her other cases and remand the case for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Thomas with aggravated battery in Sedgwick County case No. 2019-CR-720, details of which are not relevant to the analysis of this case. Following a plea agreement, Thomas pleaded guilty. After a plea colloquy, the district court accepted Thomas' guilty plea and convicted her of aggravated battery.

Thomas sought a dispositional departure sentence of probation in alignment with the plea agreement. In March 2022, the district court granted her request and sentenced her to 66 months of imprisonment to run consecutive to any other cases but awarded her 36 months of probation. No jail credit calculation was included in the 2022 journal entry of judgment or discussed at the sentencing hearing at that time.

2

Thomas' time on probation was unsuccessful. About three months after her sentencing, the district court held a first probation violation hearing where Thomas waived her right to an evidentiary hearing and admitted to technical violations of her probation terms. The district court found her in violation of her probation and extended her probation by 36 months with new conditions. No jail credit calculation was included in the journal entry of probation violation hearing or discussed at the probation hearing at that time.

A year later, Thomas again waived her right to an evidentiary hearing and admitted to technical violations of her probation terms during a second probation violation hearing. The district court found Thomas in violation of her probation and again extended her probation by 36 months and imposed a 3-day jail sanction. No jail credit calculation was included in the journal entry of probation violation hearing or discussed at the probation hearing at that time.

Two months later, the district court held its third and final probation violation hearing. Thomas waived her right to an evidentiary hearing and admitted to the technical violations of her probation terms. The district court found Thomas again in violation of the terms of her probation. This time, the district court found Thomas was not amenable to further probation efforts, revoked her probation, and imposed the original sentence of 66 months' imprisonment.

In its journal entry of the final probation violation hearing, the district court for the first time calculated Thomas' incarceration credit. The court awarded Thomas a total of 330 days of jail time credit, ostensibly including 265 days of jail credit awarded at her original sentencing, although the record reflects no such award, and 65 days of jail credit awarded while she was on probation for the current crime. In its calculation, the district court noted that it denied Thomas jail credit of 137 days from March 17, 2019, to July 31,

2019, and jail credit of 116 days from November 17, 2020, to March 12, 2021, for the following reasons:

> "From 03/17/19 to 07/31/19, defendant was serving commitments in City of Wichita Case Numbers 16TM35404, 17CM2907, 18CM2918 and 18DR719. From 03/17/19 to 07/07/19, defendant was serving a commitment in City of Wichita Case Number 18DV197. From 11/17/20 to 03/21/21, defendant was also held on City of Wichita Case Number 20DV3374. As this case is consecutive to any other convictions, defendant is not eligible for duplicate credit for these dates in 19CR720."

Thomas timely appealed the district court's revocation of her probation.

About a month after her appeal, the district court issued a nunc pro tunc order correcting the journal entry. The district court amended the jail time credit computation and awarded Thomas the 116 days of jail credit from November 17, 2020, to March 12, 2021. Accordingly, her total jail credit was corrected to 446 days. The district court noted that the jail credit of 137 days from March 17, 2019, to July 31, 2019, remained denied because "defendant was also serving commitments in City of Wichita Case Numbers 16TM35404, 17CM2907, 18CM2918 and 18DR719."

Thomas sought summary disposition of this appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State objected to summary disposition, arguing that despite Thomas' reliance on *Hopkins*, 317 Kan. at 657, this case is factually distinguishable in at least two ways—explained in more detail in the next section. Noting the State's response, we denied Thomas' motion for summary disposition and address her appeal on its merits after full briefing by the parties.

THE DISTRICT COURT ERRED IN AWARDING THOMAS' JAIL TIME CREDIT

4

In her appellate brief, filed July 2, 2024—after *Hopkins* but before *State v. Feikert*, 64 Kan. App. 2d 503, 553 P.3d 344 (2024), *vacated by Kan. S. Ct. order* June 20, 2025— Thomas argues that she should have been awarded the entire 253 days she spent in custody prior to sentencing in this case, based on our Supreme Court's holding in *Hopkins*. She contends the district court did not assign credit for every day she spent in custody pending disposition of this case and requests this case be remanded for resentencing so she can be properly credited for all the time she spent incarcerated.

The right to jail time credit in Kansas is statutory. See *Ervin*, 320 Kan. at 306; *Hopkins*, 295 Kan. at 581. Our interpretation of statutes presents a question of law over which we conduct an unlimited review. *Hopkins*, 295 Kan. at 581.

Before turning to the primary issue, we first note that Thomas' challenge to the 116 days jail credit—for the period between November 17, 2020, and March 12, 2021— was already corrected by the district court's nunc pro tunc order, after her appeal, and Thomas was awarded the 116 days as jail time credit on this case. Since no controversy remains for the 116 days of jail credit, that issue is moot, and we need not consider it. See *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) ("'Generally, Kansas appellate courts do not decide moot questions or render advisory opinions.'").

After dispensing with the 116 days, Thomas' remaining argument is whether she is entitled to 137 days of jail time credit for March 17, 2019, to July 31, 2019, when it was already awarded in her City of Wichita cases. Thomas initially relied solely on our Supreme Court's holding in *Hopkins* to claim she is owed day-for-day credit for those 137 days she spent incarcerated toward her sentence in this case, while the State relied upon our court's reasoning from *Feikert* and argued Thomas is not entitled to the additional 137 days of jail time credit because it would be duplicative of the credit she received in her City of Wichita cases. *Feikert*, 64 Kan. App. 2d at 507-09.

5

*Calculation of Jail Time Credit in Kansas*

Jail time credit in Kansas is governed by K.S.A. 21-6615(a)(1), which states in pertinent part that upon a conviction, if the defendant is sentenced to confinement, the sentence should be computed to "reflect . . . an allowance for the time that the defendant has spent incarcerated pending the disposition of the defendant's case."

For nearly five decades, Kansas appellate courts relied on our Supreme Court's 1978 interpretation of K.S.A. 21-4614, the predecessor to K.S.A. 21-6615(a), in *Campbell v. State*, 223 Kan. 528, 531, 575 P.2d 524 (1978), which found that a defendant is entitled to credit only for all time spent in custody "solely" on the charge for which he or she was being sentenced. But the *Hopkins* decision in 2023 overturned the longstanding "held-solely-on" rule established in *Campbell*, fundamentally altering this interpretation. See *Hopkins*, 317 Kan. at 656-57.

Hopkins spent 572 days in jail while he awaited disposition of his case, which concluded in his guilty plea to two counts of first-degree premeditated murder. The district court applied the "held-solely-on" rule during sentencing and denied Hopkins jail credit for time served due to the array of charges. But our Supreme Court found this rule was "unworkable, [and] more fundamentally it is not a proper plain language reading of the statutory language." 317 Kan. at 657. The *Hopkins* court held that "[u]nder the obvious and plain meaning of the words chosen by the Legislature, a defendant shall be awarded jail time credit for *all* time spent in custody pending the disposition of his or her case." 317 Kan. at 657. Applying the newer simplified rule, our Supreme Court held that Hopkins was to receive one day of credit for each day spent in jail during the pendency of his case. 317 Kan. at 659.

This new rule abrogated the prior rule set forth in *Campbell*, eliminating the need for judges to make factual determinations about whether the defendant was held solely

6

pending the crime of conviction. *Hopkins*, 317 Kan. at 656. Instead, the simplified rule now simply requires judges to compute the total time spent in jail while the case was pending and award it is as jail time credit against the sentence. 317 Kan. at 659.

Since our Supreme Court's decision in *Hopkins*, our court has reviewed multiple appeals of jail time credit awards under the new framework of the simplified rule. One opinion by our court summarizes some of these decisions:

> "In *State v. Breese*, No. 125,837, 2023 WL 8520792, at *3 (Kan. App. 2023) (unpublished opinion), our court reversed the district court's decision to deny jail time credit by applying *Hopkins* and finding the defendant was entitled to 523 days of jail time credit against his sentence because he was detained throughout the pendency of the case. Likewise, in *State v. Brown*, No. 125,797, 2023 WL 8521389, at *3 (Kan. App. 2023) (unpublished opinion), another panel of this court decided a defendant was entitled to 36 days of jail time credit even though he had more than one case pending while awaiting sentencing. The *Brown* court held that under the *Hopkins* rule, no matter which case Brown was in jail for, he must be awarded the full 36 days of jail time credit because that is how long he was in jail while his case was pending. *Brown*, 2023 WL 8521389, at *3. And, in *State v. Gutierrez*, 125,073, 2024 WL 1338948, at *3 (Kan. App. 2024) (unpublished opinion), this court again reversed the district court's sentence and remanded the case with directions to allocate the 167 days the defendant served pending sentencing as jail credit towards her sentence, despite also being held on a probation revocation. Yet in a concurrence filed by Judge Malone, he emphasized that *Hopkins* 'does not address the scenario where a defendant is ordered to serve consecutive sentences in multiple cases and does not modify Kansas caselaw on barring duplicative credit.' *Gutierrez*, 2024 WL 1338948, at *3 (Malone, J., concurring)." *State v. Beeson*, No. 126,887, 2024 WL 3912942, at *2 (Kan. App. 2024) (unpublished opinion).

Then, in *Feikert*, the defendant was awaiting sentencing after he entered into a global plea agreement resolving three cases. The State agreed to dismiss one of the cases in exchange for the plea, and the district court ordered Feikert to serve two consecutive sentences in his remaining cases. The district court applied 231 days Feikert spent in jail

on one of the cases as jail time credit, but did not apply jail time credit to the other case. Feikert argued that *Hopkins* did not pronounce different rules for consecutive, concurrent, or single sentence cases and instead mandated he be awarded jail time credit, regardless of current detention for another case or prior jail time credit he received in the other case.

We declined to interpret *Hopkins* so broadly and found it did not apply to Feikert's case because *Hopkins* does not articulate a clear method for determining jail credit in multiple cases where consecutive sentences are imposed. *Feikert*, 64 Kan. App. 2d at 507. Citing *State v. Davis*, 312 Kan. 259, 288, 474 P.3d 722 (2020), our court reestablished that duplicative credit has been prohibited by our Supreme Court, quoting "'"[j]ail [time] credit awarded in two cases for the same dates can only be counted once when sentences are run consecutively."'" *Feikert*, 64 Kan. App. 2d at 508. Nothing in *Hopkins* suggested our Supreme Court intended to modify this *Davis* rule. Our court affirmed the district court's judgment, finding that Feikert was not entitled to duplicative credit already applied in a separate case, for "[s]uch a rule would defy common sense, as it would grant a windfall to defendants who commit multiple offenses in separate cases." 64 Kan. App. 2d at 509.

This rationale as applied in *Feikert* formed the basis of our initial opinion in this case, affirming the district court's calculation of jail credit and finding Thomas was not entitled to the 137 days of duplicative jail time credit. *State v. Thomas*, No. 127,007, 2025 WL 1011790 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* May 5, 2025. But then, soon after our decision was filed, our Supreme Court decided the *Ervin* case. 320 Kan. at 306-12. And, most recently, the Supreme Court vacated our opinion in *Feikert* and remanded the case to our court for reconsideration in light of *Ervin*. *State v. Feikert*, No. 126,505 (Kan. S. Ct. order filed June 20, 2025).

In *Ervin*, the court found that K.S.A. 21-6615 requires the district court to award one day of jail credit for each day a defendant is incarcerated pending disposition of his or her case, regardless of whether he or she received an allowance for some or all that

8

time against a sentence in another case. *Ervin*, 320 Kan. 287, Syl. ¶ 12. Consequently, because of the rule articulated in *Ervin*, Thomas is entitled to jail time credit in each of her pending cases.

*Thomas is now entitled to duplicative jail time credit.*

The State argues that Thomas is not entitled to the application of *Ervin*. First, it contends that *Ervin* should apply only prospectively. In *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013), our Supreme Court found that "[g]enerally, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision."

Here, although we had issued an opinion in Thomas' appeal, that decision was not yet final, as Thomas' time for filing either a petition for Supreme Court review or a motion for rehearing had not yet run when the Supreme Court decided *Ervin*. Undeterred, the State argues that this appeal is not a direct appeal, but instead Thomas appeals from the revocation of her probation. The State reasons that Thomas' direct appeal was final 14 days from her sentencing on March 22, 2022, from which she did not appeal. K.S.A. 22-3608(c).

We disagree with the State's conclusion, as has another panel of this court recently in *State v. Brown*, 65 Kan. App. 2d ___, 2025 WL 1668561 (2025). In *Brown*, our court reasoned:

> "Brown could not have possibly raised a jail time credit issue in a direct appeal of her sentences since she initially received probation and neither of the sentencing journal entries addressed jail time credit. Her first opportunity to do so was when the district court revoked her probation and then calculated jail time credit. *State v. Storer*, 53 Kan. App. 2d 1, 3, 382 P.3d 467 (2016); see *State v. Smith*, 309 Kan. 977, 985, 441 P.3d 1041

9

(2019), *abrogated on other grounds by State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023). And since Brown's appeal of her probation revocation and jail time credit award was pending when *Ervin* was decided, the holding in *Ervin* applies to Brown's probation revocation appeal. See *State v. Mitchell*, 297 Kan. 118, 298 P.3d 349 (2013)." *Brown*, 65 Kan. App. 2d ___, 2025 WL 1668561, at *6.

As in *Brown*, here Thomas had no prior opportunity to raise a jail time credit issue in a direct appeal of her sentence, because she initially received probation, and neither her original sentencing nor the probation violation hearings, or the journal entries memorializing them, addressed jail time credit. It was only in the journal entry finalizing her final probation revocation where the district court, for the first time, calculated the jail time credit Thomas was due.

Accordingly, we vacate the district court's determination of jail time credit and remand this case to the district court with directions to enter an amended journal entry of judgment crediting Thomas with all days she was incarcerated pending disposition of this case. And as the Supreme Court did in *Ervin*, we leave it to the district court's discretion as to whether a hearing is necessary to achieve this result.

Sentence vacated and case remanded with directions.