NOT DESIGNATED FOR PUBLICATION

No. 126,863

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OLIVER BRADWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed September 26, 2025. Vacated in part and remanded with directions.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Oliver Bradwell Jr. pleaded guilty to crimes in three separate cases and was ordered to serve the resulting sentences in those cases consecutively. He was held in jail for almost a year while these cases were resolved. At sentencing, he argued that he should have received credit toward each of his sentences for at least some portion of the time he spent in jail. The district court applied 344 days of jail credit toward one sentence but denied his request in the other cases. The court later denied another request for an additional 101 days of jail credit in each case.

Bradwell appeals the district court's jail-credit determination. While his appeal was pending, the Kansas Supreme Court issued its decision in *State v. Ervin*, 320 Kan. 287, Syl. ¶ 12, 566 P.3d 481 (2025), holding that offenders are entitled to credit for all time served during the pendency of a case regardless of whether they received an allowance for that time against a sentence in another case. Based on that decision, we vacate the district court's determination of jail credit and remand so the district court may credit Bradwell's sentence with all days he was incarcerated pending disposition of his cases.

FACTS AND PROCEDURAL BACKGROUND

On September 15, 2020, the State charged Bradwell with criminal possession of a weapon by a convicted felon and possession of marijuana for events that occurred on June 24, 2020 (Case 1). On December 7, 2020, the State charged Bradwell with aggravated battery for events that occurred on November 11, 2020 (Case 2). Eight days later, the State again charged Bradwell in a third case with criminal possession of a weapon by a convicted felon for events that occurred on July 7, 2019 (Case 3).

Bradwell pleaded guilty to the three felonies in these three cases in August 2021. The district court imposed 18-month prison sentences for Cases 1 and 3 and a 27-month prison sentence for Case 2. The court ran these sentences consecutive to each other for a total controlling sentence of 63 months. The district court then suspended these prison sentences and granted Bradwell 24 months' probation.

On June 15, 2023, the district court revoked Bradwell's probation and imposed the original controlling 63-month prison sentence. At the sentencing portion of that hearing, the district court asked the prosecutor for a jail-credit calculation, and the prosecutor stated that Bradwell was entitled to 344 days in Case 1, but zero days in his two other

2

cases. Defense counsel was asked if he had any objection, to which he replied after consultation with Bradwell that they had no objection.

Twelve days after his probation was revoked, Bradwell filed a pro se motion for jail credit in all three of his cases, arguing that an additional 101 days should have been included in his jail credit. In response, the State argued that jail credit was earned only for time spent in jail solely for offenses which the defendant was being sentenced. The district court denied Bradwell's motions for jail credit, holding that Bradwell did not earn duplicate credit for time he was also held on other cases.

Bradwell's three 2020 cases were consolidated on appeal, where he renewed his argument that he was entitled to additional jail credit. After Bradwell filed his brief in this appeal, the State filed motions to stay the brief due date and remand to the district court for a determination of whether the 101 days of jail credit he asked to be applied in this case were actually awarded in a separate fourth case. Our court granted the motion for remand and stayed the briefing schedule.

The district court held an evidentiary hearing on remand to determine jail credit. At the hearing, the manager for the Kansas Department of Corrections Sentencing Computation Unit testified that from June 24, 2020, to September 13, 2021, Bradwell was held in the Sedgwick County Jail on a parole warrant in an earlier criminal case (separate from the three at issue in this appeal). The Department credited that time to the earlier case. The district court found that because the jail time at issue was credited in the earlier case and the sentences for the 2020 cases ran consecutive to that case, Bradwell was not entitled to additional, duplicative credit in the 2020 cases.

The State filed its brief on February 25, 2025. On April 11, 2025, the Kansas Supreme Court issued its opinion in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025). In *Ervin*, the Kansas Supreme Court held:

3

"K.S.A. 21-6615(a) allows a jail time credit for all time a defendant is incarcerated pending the disposition of the defendant's case. A sentencing judge should thus allow credit for all days incarcerated on a case, regardless of whether the defendant received a credit for some or all that time against a sentence in another case." 320 Kan. 287, Syl. ¶ 12.

Our court filed an order to show cause on April 16, 2025, asking the parties to explain why the case should not be immediately remanded with directions to award additional jail credit based on *Ervin*. The parties responded, with Bradwell arguing *Ervin* is controlling, and the State arguing *Ervin* did not apply to Bradwell because he appealed from his probation revocation and not his original sentence and because *Ervin* was not yet final.

DISCUSSION

Bradwell committed the offenses giving rise to the convictions in his three cases on appeal between July 2019 and November 2020. During that time, as now, the Kansas statute governing jail credit stated defendants were to be granted "an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2020 Supp. 21-6615(a), K.S.A. 2019 Supp. 21-6615(a). In the past, the Kansas appellate courts interpreted this language to mean that defendants could receive credit only if they were not being confined for any other pending case or sentence. See *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019), *abrogated on other grounds by State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023).

The interpretation of this statute changed with the Kansas Supreme Court's decision in *Ervin*, which controls our decision here. *Ervin* observed that K.S.A. 21-6615 requires the district court to "award an allowance for all time spent incarcerated 'pending the disposition of the defendant's case.'" 320 Kan. at 311. The *Ervin* court held that this means a defendant receives one day of credit for each day incarcerated pending

4

disposition, even if the defendant "received an allowance for some or all that time against a sentence in another case." 320 Kan. at 312.

The State argues that *Ervin* cannot apply to Bradwell's appeal because he did not directly appeal his original sentence, and so that sentence has become final. We disagree. None of Bradwell's original journal entries of sentencing addressed jail credit. Instead, the question of jail credit was first raised after the district court had revoked Bradwell's probation. At that point, the court credited the sentence in Case 1 with 344 days of credit and declined to give any credit in other cases. The court again addressed the question of jail credit when Bradwell filed a pro se motion pointing out 101 additional days he spent incarcerated. Under these circumstances, we find that the jail-credit question is properly before us. See *State v. Storer*, 53 Kan. App. 2d 1, 3, 382 P.3d 467 (2016) ("[U]nless the district court has previously made a considered (and unappealed) ruling on the jail-time-credit issue after hearing the position of both sides on the matter, the jail-time-credit ruling can be amended on a motion under K.S.A. 22–3504(2) 'at any time.'"). And since Bradwell's current appeal of the jail-credit determination was pending when *Ervin* was decided, the holding in *Ervin* applies to this case. See *State v. Mitchell*, 297 Kan. 118, 298 P.3d 349 (2013).

We do not fault the district court for not anticipating the *Ervin* decision. But the district court's assertion at sentencing and at the later hearing on Bradwell's pro se motion that he cannot receive credit toward a sentence if he already received credit for that jail time in a different case is incorrect in light of *Ervin*. The jail-credit determinations made by the district court in each of these cases must be vacated.

We recognize the striking effect of *Ervin* on Bradwell's case. The district court imposed consecutive prison sentences in Bradford's cases for 18 months, 18 months, and 27 months, for a controlling 63-month prison term. The parties' arguments indicate Bradwell was incarcerated for roughly 445 days while Case 1 was pending, and he was

incarcerated for all but about 90 days of that time in Cases 2 and 3. He received credit for 101 of those days toward an earlier case, and the district court allotted 344 days of credit toward his sentence in Case 1. As a result of *Ervin*'s interpretation of Kansas' jail-credit statute, the district court must allow Bradwell one day of credit in each case for each day he spent incarcerated pending the disposition in these cases. This means that Bradwell will potentially receive around 1,150 days—nearly 38 months—of jail credit toward his controlling 63-month sentence. This result largely nullifies the district court's decision to run these sentences consecutive to one another—a decision to which appellate courts generally give significant deference. See *State v. Goens*, 317 Kan. 616, 619-21, 535 P.3d 1116 (2023).

But regardless of the starkness of this result, resolution of this issue is mandated by our Supreme Court's decision in *Ervin* because we are duty bound to follow Supreme Court precedent, absent some indication of a departure. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Based on the plain language of K.S.A. 2020 Supp. 21-6615, as recently interpreted by our Supreme Court in *Ervin*, Bradwell is correct that the district court was required to award an allowance for all time spent incarcerated pending the disposition of his case, even if that would result in duplicative credit, and even if that result would effectively eliminate the consecutive sentences imposed by the district court.

We vacate the district court's jail-credit determination and remand with directions to reassess that determination based on the Kansas Supreme Court's decision in *Ervin*.

Vacated in part and remanded with directions.